# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAELA SMITH<br>7413 Prestbury Court<br>Shreveport, LA 71129<br><br>          Plaintiff,<br><br>    v.<br><br>HOWARD UNIVERSITY<br>2400 6th Street, NW, Suite 321<br>Washington, DC 20059<br><br>          Defendant. | Civil Action No. 1:21-cv-920 |

## ERRATA: DEFENDANT'S NOTICE OF REMOVAL

Defendant, Howard University ("Howard" or "Defendant"), by and through the undersigned attorney, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

In support of its Notice of Removal, Defendant states as follows:

### Background and Timeliness

1.    On March 22, 2021, Plaintiff filed a Complaint alleging Breach of Contract and Discrimination pursuant to Title IX of the Education Amendments of 1972. A Summons was issued on March 26, 2021. Howard has not been served the Summons and Complaint.

2.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint, which constitute "all summons, pleadings, and orders" purportedly served upon Defendant in the state court action, is attached hereto as Exhibit A.

3.    Because Defendant filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4. Plaintiff's Complaint alleges discrimination pursuant to Title IX of the Education Amendments of 1972, which therefore presents a federal question. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S. Code § 1331, which includes to Title IX of the Education Amendments of 1972.

5. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

6. In addition, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. In this case, both the "diversity" and "amount in controversy" requirements are also met.

8. Based on the pleadings, Plaintiff and Defendant are citizens of different states, and thus this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c)

9. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. See 28 U.S.C. §§ 1332(a); (c).

**Venue and Notice to State Court**

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because this District embraces the Superior Court of the District of Columbia, the place where the removed action is pending. 28 U.S.C. § 1441(a).

11. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Superior Court of the District of Columbia, and will serve a copy thereof on Plaintiffs pursuant to 28 U.S.C. 1446(d). *See* Exhibit B.

**Conclusion**

12. Defendant submits this Notice of Removal, without waiving any defenses to the claims asserted by Plaintiff, including claims regarding proper service under Rule 4, without conceding that Plaintiff has plead claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

13. Based on the foregoing, this Court has diversity jurisdiction and federal question jurisdiction under 28 U.S.C. § 28 U.S. Code § 1331 and 1332(a); therefore, the Court may properly exercise jurisdiction over this lawsuit.

WHEREFORE, Defendant submit that this action properly is removable. Defendant respectfully request that the above-described action pending against it be removed to the United States District Court for the District of Columbia. Defendant also requests all other relief, at law or in equity, to which they may be entitled.

April 6, 2021                                                        Respectfully submitted,

                                            **HOWARD UNIVERSITY**
                                            /s/
                                            Zachary I. Shapiro
                                            Senior Associate General Counsel
                                            D.C. Bar # 1021639
                                            Howard University
                                            2400 Sixth Street, N.W.
                                            Washington, D.C. 20059
                                            T: 202-806-2664
                                            E-mail: Zachary.shapiro@howard.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on this April 6, 2021, I sent the foregoing document to counsel for Plaintiff via email to:

    Amy Norris
    Anna Nathanson
    Norris Law, PLLC
    616 E Street NW
    Suite 1156
    Washington, DC 20004
    amy@mwlc.org
    anna@norrislawgroup.org

                                                      /s/ Zachary Shapiro
                                                      Zachary I. Shapiro