IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAELA SMITH ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:21-cv-00920-APM |
| v. ) | |
| ) | |
| HOWARD UNIVERSITY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT HOWARD UNIVERSITY'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Howard University ("Howard") provides this submission to notify the Court of the decision in *Stafford v. George Washington University*, No. 1:18-CV-2789, Dkt. 91 (D.D.C. January 4, 2022) (Exhibit A). In *Stafford*, Judge Cooper determined that the one-year limitations period in the District of Columbia Human Rights Act ("DCHRA") was the applicable statute of limitations for a federal discrimination claim. The *Stafford* decision is relevant to the Court's determination of Defendant's currently pending Motion to Dismiss ("Motion") in the instant matter, which seeks dismissal of Plaintiff's federal Title IX claim alleging gender discrimination as it is conclusively time barred. (ECF No. 9).

In *Stafford*, Judge Cooper evaluated a racial discrimination claim brought under Title VI of the Civil Rights Act of 1964 – which, like Title IX, contains no express statute of limitations – and determined that "the most closely analogous . . . state law" is the DCHRA. (Exhibit A at 14) (citation omitted). While noting that courts in this District have typically borrowed D.C.'s three-year statute of limitations for general personal injury claims for Title VI cases and Title IX cases, Judge Cooper found that "no binding D.C. Circuit or Supreme Court case law precludes the

Court from rethinking the appropriate state-law analogue" to the federal antidiscrimination law. (*Id.* at 17, 19).

Relying on the D.C. Court of Appeals' decision in *Jaiyeola v. District of Columbia*, 40 A.3d 356, 365-67 (D.C. 2012) and decisions by sister courts in this District regarding federal disability discrimination claims, Judge Cooper thus determined that "the one-year statute of limitations in the DCHRA is the most appropriate choice for Title VI claims in the District of Columbia." (Exhibit A at 17). Specifically, Judge Cooper noted that Title VI and DCHRA both have a "shared purpose and ambitions aims" in seeking to remedy discrimination and that "both are enforceable via private rights of action and provide for similar remedies." (*Id.* at 18-19) (citations omitted). While noting that "the DCHRA is in some ways broader than Title VI — covering more bases for discrimination and extending beyond recipients of federal funding," Judge Stafford concluded that "these differences pale in comparison to the similarities." (*Id.* at 19) (quoting *Jaiyeola*, 40 A.3d at 366). This reasoning applies equally to federal Title IX discrimination claims.

In the instant matter, Defendant likewise argued in its Motion that the most analogous state law for Smith's Title IX gender discrimination claim is the DCHRA, which has a one-year statute of limitations to bring a gender discrimination claim. While Plaintiff argued that D.C. courts historically have applied a three-year limitations period to Title IX claims – based on the personal injury statute in D.C. – Defendant highlighted that courts in this District have more recently indicated that using a three-year statute of limitations for claims of discrimination was incorrect. (Motion (ECF No. 9) at 23-25; Reply in Support of Motion (ECF No. 11) at 10-11). The recent decision in *Stafford* confirms Defendant's position.

In light of the shared purpose, rights, and remedies of Title IX and the DCHRA, the DCHRA's one-year statute of limitations should apply to Smith's claims of gender discrimination, pled under Title IX. As noted in Howard's pending Motion, Smith should not be able to circumvent the applicable local statute of limitations for such gender discrimination claims merely because she brought a claim under a federal civil rights law that does not contain its own limitations provision instead. (Motion (ECF No. 9) at 25-26).

January 18, 2022                    Respectfully submitted,

**HOWARD UNIVERSITY**

/s/ *Zachary Shapiro*
Zachary I. Shapiro
Senior Associate General Counsel
D.C. Bar # 1021639
Nathiya Nagendra
Associate General Counsel
D.C. Bar # 1031055
Howard University
2400 Sixth Street, N.W.
Washington, D.C. 20059
T: 202-806-2664
Email: zachary.shapiro@howard.edu
           nathiya.nagendra@howard.edu

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Supplemental Authority was filed electronically on January 18, 2022 and thereby served on counsel of record.

                                        /s/ *Zachary Shapiro*
                                        Zachary Shapiro