UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAELA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-CV-00920 (APM) |
| | ) |
| | ) |
| HOWARD UNIVERSITY | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court at the request of Defendant Howard University ("Defendant"), which anticipates that certain information, documents and things subject to discovery in this action may be claimed to contain sensitive, non-public information and/or confidential information. In the interest of permitting discovery to proceed without undue delay occasioned by possible disputes regarding claims of confidential information, the Court orders the parties to provide access to and to receive certain such confidential information, documents and things subject to the protective provisions and conditions set forth below.

It is hereby ORDERED that:

1.  <u>Designation of Discovery Materials as Confidential.</u> All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents,

and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

  (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive, private, privileged, or confidential, personal medical or mental health information, personal financial information, or other confidential information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Information relating to the University's treatment or discipline of Plaintiff respecting the Laboratory Examination that she took on January 28, 2019, and subsequent allegations against her of academic dishonesty relating to the examination, shall not be designated as "CONFIDENTIAL."

  (b) Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential before delivery to the party who inspected and designated the documents.  There will be

no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(c) Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(d) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for, conducting, or resolving the litigation in which the information or documents were disclosed (including appeals).

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to each of the parties' counsel who are actively working on this case.

    (ii) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit, and to employees of a party required in good faith to

        provide assistance in the conduct of the litigation in which the information was disclosed.  Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be informed of and agree in writing by signing the Acknowledgement in Exhibit A to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(v)    Disclosure may be made to representatives of any insurer of Defendant who may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(f) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) together with a simultaneous motion pursuant to the provisions of the Rules applicable in the United States District Court for the District of Columbia. Even if the filing party believes that the materials marked or identified as "CONFIDENTIAL" are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Section 4 of this Protective Order.

3. <u>Challenging Designation of Confidentiality</u>. A designation of

confidentiality may be challenged upon motion. The party asserting such confidentiality has the burden of showing that the information, document, or other thing at issue meets one or more of the criteria for a designation of confidentiality set forth in Section 1(a) of this Order.

4. <u>Return of Confidential Material at Conclusion of Litigation</u>. Subject to the last sentence of this paragraph, at the conclusion of the litigation and any appeals, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of litigation, including any appeals. The parties' counsel may retain copies of any submissions to the Court, or portion of any Court Order or Opinion, which refer to information marked as Confidential.

5. <u>Non-waiver of Privilege for Inadvertently Disclosed Materials</u>. The inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege, work-product protection, any other privilege shall not waive the protection or the privilege for either that document or for the subject matter of that document.

6. <u>Return of Inadvertently Disclosed Materials</u>. Except in the event that the requesting party disputes the claim, any documents that the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, work-product protection, shall be, upon written request, promptly

returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking a judicial determination of the matter.

7.   <u>FERPA-Protected Information</u>. The Court will enter a separate Order respecting the production and confidentiality of student information protected by FERPA. To the extent that documents containing FERPA-protected student information involving past or present Howard University students other than Plaintiff are produced pursuant to that Order, such information shall be treated as confidential subject to this Protective Order, except for information relating to Howard Students' involvement in the Honor Council committee that considered the Laboratory Examination that Plaintiff took on January 28, 2019 or Howard Students' involvement in other parts of Defendant's disciplinary and expulsion process against Plaintiff.

Date: _____        _____
                                                                                                 Hon. Amit P. Mehta
                                                                                               United States District Judge

**COPIES TO:**

| | |
|---|---|
| Amy E. Norris, Esq.<br>Norris Law, PLLC<br>616 E Street, NW, Suite 1156<br>Washington, DC  20004<br>*Counsel for Plaintiff* | Daniel I. Prywes, Esq.<br>Rebecca K. Connolly, Esq.<br>MORRIS, MANNING & MARTIN, LLP<br>1401 Eye Street, NW, Suite 600<br>Washington, DC  20005<br><br>Zachary I. Shapiro, Esq.<br>Nathiya Nagendra, Esq.<br>Office of General Counsel<br>Howard University<br>2400 Sixth Street, NW, Suite 321<br>Washington, DC  20059<br><br>*Counsel for Defendant* |

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAELA SMITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 21-cv-00920 (APM)** |
| | ) | |
| | ) | |
| **HOWARD UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER</u>**

By signing below, I represent, covenant and agree that: (i) I have read the provisions of the Protective Order filed in the above matter; (ii) I understand and agree to abide by the terms and conditions of the Protective Order filed in the above matter; and (iii) I understand that in the event of a breach or other violation of the Protective Order filed in the above matter, I may be subject to an action for damages or other appropriate relief.

SO ACKNOWLEDGED:

    Signed: _____

    Date: _____