**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAELA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00920-APM |
| | ) | |
| | ) | Judge Amit P. Mehta |
| HOWARD UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## DEFENDANT HOWARD UNIVERSITY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR COURT ACTION ON AN OBJECTION TO THE DISCLOSURE OF FERPA-PROTECTED STUDENT INFORMATION

Defendant Howard University ("Defendant" or the "University") submits this memorandum in support of its motion for a Court ruling on a former student's ("Objector") objection to the disclosure of their education records protected from disclosure under the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

### Background

This suit involves Plaintiff's claims that she was expelled as a medical student in breach of a contract with the Howard University College of Medicine ("HCOM") and due to gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). The University denies these claims.

Pursuant to the Court's Scheduling Order, the parties have exchanged discovery requests. Plaintiff's discovery requests sought information about other former students' records that could be subject to FERPA. Plaintiff presumably seeks to show, in support of her Title IX claim for

gender discrimination, that she was treated disparately than other male students who were facing disciplinary action.

The Objector was not accused of a disciplinary violation.

### The Scope of FERPA and the FERPA Order

FERPA prohibits educational institutions that receive federal funding from releasing the "education records" of its students without the consent of the student or their parents, except in certain enumerated circumstances.[1] 20 U.S.C. §§ 1232g(b)(1), (b)(2), (d); *see Owasso Indep. Sch. Dist. No. 1-011 v. Falvo*, 534 U.S. 426, 428 (2002). FERPA defines "education records" to mean "records, files, documents, and other materials which – (i) contain information <u>directly related to a student</u>; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C.A. § 1232(g)(4)(A) (emphasis added); *see also* 34 C.F.R. § 99.3. If the student is eighteen, the student's consent (rather than the parent's consent) is required. *Id.* § 1232g(d); *see* 34 C.F.R. § 99.5(a)(1).

Absent consent, a covered university may release education records "in compliance with a judicial order" or a lawfully issued subpoena following prior notice to the student who is given an opportunity to "seek protective action." 20 U.S.C. § 1232g(b)(2)(B); *see* 34 CFR § 99.31(a)(9)(ii). Plaintiff has not issued any subpoena to the University for student records.

Under the Court's December 15, 2022 FERPA Order (ECF No. 26) and September 14, 2023 Order (ECF No. 51), the University was required to provide the Objector whose FERPA-Protected Information would be disclosed "by an interrogatory answer or document production"

---

[1]   FERPA does not prohibit institutions from disclosing "directory information," which it defines to include a student's "name, address, telephone listing, date of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student." 20 U.S.C. § 12326(a)(5)(A); *see also* 34 C.F.R. § 99.3 (definition of "directory information").

with a notice informing them of the discovery request and providing them an opportunity to submit

an objection within 21 days.  The FERPA Order further requires the University to bring any written

objection to the disclosure of a student's FERPA-Protected Information to the Court's attention.

When an objection has been made, the FERPA Order prohibits the University from releasing any

FERPA-Protected Information in discovery "<u>until the Court has made a ruling on the release of</u>

<u>information</u>." (Emphasis added).

<b>The Objection</b>

In accordance with the Order issued by this Court on September 15, 2023 (the "FERPA

Order"), Defendant sent notice to one former student whose confidential information was sought

as a result of Plaintiff and her counsel recently learning that the student's name was different than

the name used in Plaintiff's discovery requests.  Accordingly, Plaintiff asked the University to

supplement its discovery responses pursuant to Fed. R. Civ. P. 26(e) to provide information about

the Objector as if the Objector had been named.  The Objector was not accused on academic

dishonesty, nor was the Objector involved in Plaintiff's disciplinary proceedings.

The Objector's objection is attached hereto as Exhibit A, with redactions to protect the

public disclosure of the Objector's name and to prevent a consequent violation of FERPA and the

Court's September 14, 2023 Order and December 15, 2022 FERPA Order.

The objection states that the Objector "does not authorize the use of [the Objector's]

academic record in this lawsuit or any other."  (Ex. A.)

<b>Argument</b>

The University does not take a position as to whether the objection should be sustained or

overruled.

However, the University, in accordance with the Court's September 14, 2023 Order is

following "the procedures set forth in the Court's FERPA Order (dated December 15, 2022),"

3

(ECF No. 51) which state that the University "shall not release any FERPA-Protected Information until the twenty-one (21) day objection period has expired without any objection or until the Court has made a ruling on the release of information when an objection is made." (FERPA Order, Dec. 15, 2022, ECF No. 26.)

Therefore, the University requests that the Court rule on the objection.[2]  If the Court overrules the objection, the University is prepared to provide the withheld information in accordance with the September 14, 2023 Order and December 15, 2022 FERPA Order and subject to the Stipulated Protective Order entered in this case.

When previously addressing a former student's objection, this Court overruled the objection but ordered that the former student's records "shall not be disclosed to Plaintiff, absent court order," and that the objector's name should not be used in public filings. (ECF No. 31.)

Respectfully submitted,

/s/ Daniel I. Prywes

| | |
|---|---|
| Zachary I. Shapiro (D.C. Bar No. 1021639) | Daniel I. Prywes (D.C. Bar No. 342394) |
| Nathiya Nagendra (D.C. Bar No. 1031055) | Rebecca K. Connolly (D.C. Bar No. 1742372) |
| Office of General Counsel | MORRIS, MANNING & MARTIN, LLP |
| Howard University | 1401 Eye Street, NW, Suite 600 |
| 2400 Sixth Street, NW, Suite 321 | Washington, DC 20005 |
| Washington, DC 20059 | Phone: (202) 971-4182 |
| Phone: (202) 806-2664 | Fax: (202) 408-5146 |
| zachary.shapiro@Howard.edu | dprywes@mmmlaw.com |
| nathiya.nagendra@Howard.edu | rconnolly@mmmlaw.com |

Date: October 4, 2023                                  *Counsel for Defendant Howard University*

---

[2]    Plaintiff's counsel, via an email dated October 4, 2023, indicated support for Defendant's motion seeking court action, with the following clarification: "Plaintiff's counsel supports the motion to the extent that it seeks a Court ruling on the objections. Plaintiff asks the Court to release this former student's information because subject to the Court's Protective Order dated December 15, 2022, if released, this information would not be publicly released and would be kept under seal, which addresses any privacy concerns of the former student. Plaintiff contends that release of this information is in the interest of justice because it is crucial evidence in support of Plaintiff's Title IX claim, related to Defendant's treatment of a male student versus Plaintiff in the appeals process."

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of October 2023, I caused the foregoing to be served upon the following through the Court's ECF system:

> Amy E. Norris, Esq.
> Anna Nathanson, Esq.
> Norris Law, PLLC
> 616 E Street, NW, Suite 1156
> Washington, DC  20004
> norris.ae@gmail.com
> anna@norrislawgroup.org
>
> *Counsel for Plaintiff*

<u>*/s/ Daniel I. Prywes*</u>
Daniel I. Prywes